641 N.W.2d 592 (2002)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Walter N. HOLMES, Defendant-Appellant.
Docket No. 119757, COA No. 220275.
Supreme Court of Michigan.
April 10, 2002.
On order of the Court, the delayed application for leave to appeal from the June 15, 2001 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
CORRIGAN, C.J., concurs and states as follows:
I write separately to address defendant's argument that it would be manifestly unjust for this Court not to allow him to raise new issues after the Court of Appeals rejected his attempt to file a standard 11 brief.
A retained attorney represented defendant in the Court of Appeals. This attorney tried to file a standard 11 brief raising additional issues that defendant-but not his attorney-believed were meritorious. The Court of Appeals rejected the filing on the ground that standard 11 applies only where appellate counsel is appointed.
The Court of Appeals correctly noted that standard 11 applies only to defendants who cannot retain attorneys of their choosing. Standard 11 is found in Administrative Order No.1981 7, which approved the Appellate Defender Commission's submission of "regulations governing a system for the appointment of appellate counsel for indigents in criminal cases and minimum standards for indigent criminal appellate defense services."
Administrative Order No.1981-7 and standard 11 plainly do not apply to criminal defendants who can afford to retain attorneys of their choosing. If defendant's retained attorney refused to raise defendant's preferred issues, defendant was free to find another attorney. Nothing prevented defendant from hiring or firing any attorney he chose. It is not manifestly unjust to refuse to allow defendant to raise additional issues now when defendant made the decision not to select appellate counsel who would comply with his wishes.
MICHAEL F. CAVANAGH, J., concurs in the denial but would view the denial as without prejudice to defendant seeking an evidentiary hearing in the trial court with respect to his claim that he is entitled to a new trial based on newly discovered evidence.
MARILYN J. KELLY, J., states as follows:
I agree with the decision to deny leave. However, I would include in the order that the denial is without prejudice to defendant seeking an evidentiary hearing in the trial court regarding his claim that he is entitled to a new trial based on newly discovered evidence.